Augustine H. Downing
vs.
Mae V. Grady
No. 79074

February 26, 1931.

CAPOTOSTO, J. This action is to recover an attorney's fee. The suit is based upon a special contract and not upon a quantum meruit. The jury returned a verdict for the plaintiff in the sum of $1,853.36. The defendant asks for a new trial upon the usual grounds, and further claims that the verdict is the result of prejudice. In support of the claim that she was unfairly treated by the jury, the plaintiff filed an affidavit signed by herself which will be referred to more specifically hereafter.

Whether or not a special agreement was entered into between the plaintiff and defendant was essentially a question of fact. The legal situation, in reference to which the services were rendered, was rather simple, but the atmosphere in which the attorney had to work was so surcharged with possibilities for annoyance of a personal nature as to warrant compensation far in excess of the intrinsic worth of the services rendered. The closing of two estates in itself may not have been a difficult matter, but the nervous energy required to bring into agreement the bickerings of three sisters over the worldly goods of their departed parents would have tried the patience of any man. Giving to the defendant's testimony every consideration, the best that can be said for it is that it is evasive and unreliable. The jury's finding on the question of liability is sound.

The verdict, however, is excessive by $11.18. The plaintiff was entitled to recover $1,649.48, with interest thereon for one year, 11 months and 11 days. The jury erroneously allowed compound interest, or $203.88, upon this sum. The amount for interest should have been $192.70. The excess, or $11.18, is erroneously included in the verdict.

The defendant's motion for a new trial was assigned to and heard on February 14, 1931. On February 13, 1931, the defendant filed her affidavit upon which she bases her claim of prejudice on the part of the jury. Strictly speaking, the affidavit has no standing before the Court. But, where a person claims unfairness, this Court is inclined to waive technicalities and examine the complaint in order to ascertain whether or not injustice actually was done. Let us examine the most important parts of the complaint.

The first paragraph of the affidavit reads as follows:

"1. That Harry H. Donovan, who sat on the panel, is an enemy of mine; that he improperly sat on said jury and did not ask to be excused; that when his name was called, I directed my attorney to challenge him; that said challenge was not allowed because, as my attorney afterwards explained to me, I had exhausted my challenges."

This paragraph is in a sense deceptive and misleading. On its face it might be interpreted to mean that although the Court was told that the defendant considered Mr. Donovan an enemy of hers, yet the Court would not remove Mr. Donovan from the panel because the defendant had exhausted her challenges. This interpretation is not in accord with the facts. The Court was in complete ignorance of any complaint on the part of the defendant that she was dissatisfied with any member of the panel. The defendant had eyes and ears. She was represented by experienced counsel. She undoubtedly heard Mr. Donovan's name called as a member of the panel, and, unless stricken by temporary blindness, must have seen him take his place in the jury box. If what she says now is true, she must have known at that time that an enemy of hers was on the jury. This fact, if communicated to the Court, would have been sufficient ground for a challenge for cause. She saw fit to remain silent. Her silence then is far more significant than her complaint now. This part of her affidavit carries no weight whatsoever with this Court.

Paragraphs 2 and 3 of the affidavit are based upon suspicion and set out insinuations rather than facts. They need be given no further consideration.

The fourth paragraph is interesting to say the least. It is as follows:

"4. That on or about the 6th or 7th day of February, 1931, I was walking on Westminster street, Providence, R. I., when a gentleman bowed to me while passing; that he turned around, came back and spoke to me; that he then introduced himself as Anthony Veneziale, and informed me he was on the jury in my case (meaning the case of *Downing* vs. *Grady*), and during the conversation that followed told me that the said Juror Donovan told the rest of the jury that I was dissipated; that I and my sisters had squandered our father's estate which he had worked so hard to accumulate; that he told the jury many other things which influenced them to render such a large verdict."

The unconventional manner in which the alleged information came to the knowledge of the defendant is rather unusual. As the record stands, it presents an incident worthy of Cervantes. If what is stated actually happened in the jury room, the affidavit of the juror himself would have been the proper way to bring this matter to the Court's attention. The defendant is represented by able counsel of many years' experience and recognized resourcefulness. Why does Anthony Veneziale remain silent? The presentation of this part of the defendant's complaint is marked with the same degree of unreliability which characterized her testimony at the trial. This Court is not going to disturb a jury verdict, much less is it inclined to question a juror's good faith upon the hearsay statement of a person who can but does not speak.

After a careful review of the evidence, the conclusion of the Court is that the defendant was given a fair trial and that the verdict, with the exception of an overcharge of $11.18 as interest, is just.

If the plaintiff, therefore, within five days remits $11.18 of said verdict of $1,853.36, the motion for a new trial is denied, otherwise it is granted.

For plaintiff: Charles A. Kiernan.

For defendant: Grim, Littlefield & Eden.